UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARL PAALZOW, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                                    **Class Action**

FIA LIQUIDATION COMPANY, INC.,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**
and
**<u>JURY DEMAND</u>**

This is a class action lawsuit alleging that the Defendant, FIA Liquidation Company, Inc., violated the Telephone Consumer Protection Act and implementing regulations by using an artificial voice or a prerecorded voice when they called Plaintiff and the putative class members in order to promote their insurance business without obtaining Prior Express Written Consent; or by calling Plaintiff and other putative class members on the National Do-Not-Call Registry to promote their insurance business without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed ("Requisite Do-Not-Call Permission"). Plaintiff, Carl Paalzow, on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

1

**PRELIMINARY STATEMENT**

1. The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, placing calls using an artificial voice or a prerecorded voice; or to persons and entities on the National Do-Not-Call Registry; and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation. Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted telemarking and advertising robocalls and telephone solicitations.

2. Plaintiff, Carl Paalzow, individually and on behalf of all others similarly situated, sues the Defendant for their actions that violate the TCPA, which they benefited from, and which arise from calls placed to Plaintiff and the putative class members in order to advertise the commercial availability or quality of; or encourage the purchase or rental of; Defendant's insurance business ("Insurance Calls").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as the Insurance Calls, as defined below, were made by or on behalf of Defendant to Plaintiff's cell phone in Broward County, Florida.

2

**PARTIES**

5. Plaintiff, Carl Paalzow, owns and maintains a cell phone with a 954 area code, lives in Broward County, Florida, and uses it regularly there. Plaintiff successfully registered this phone number with the National Do-Not-Call Registry on June 13, 2015.

6. Defendant, FIA Liquidation Company, Inc., Inc. runs and operates Fiorella Insurance Agency.

**GENERAL ALLEGATIONS**

7. Plaintiff has received dozens of prerecorded or artificial voice phone calls and voicemails from Defendant, which advertise Defendant's insurance company.

8. Hereinafter, "calls" shall not include text messages.

9. Pursuant to the TCPA and its implementing regulations, calls placed using an artificial voice, or a prerecorded voice, that include or introduce an advertisement or constitute telemarketing may not be placed to persons or entities whose telephone numbers have been assigned to a cellular telephone service or a residential line without obtaining Prior Express Written Consent.

10. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(f)(8), Prior Express Written Consent is defined as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered," and which must include a clear and conspicuous disclosure which states that "By executing the agreement, such person authorizes the seller to deliver

or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

11. However, Defendant placed the Insurance Calls without obtaining the Prior Express Written Consent of Plaintiff or the other putative class members.

12. Pursuant to the TCPA and its implementing regulations, telephone solicitations may not be placed to persons and entities that are registered with the National Do-Not-Call Registry at least 30 days prior to being called more than once within a 12-month period, and without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.

13. However, Defendant placed the Insurance Calls despite the fact that Plaintiff's and other putative class members' phone numbers were on the National Do-Not-Call Registry, and without obtaining the Requisite Do-Not-Call Permission of Plaintiff or the other putative class members.

14. By placing the Insurance Calls without Prior Express Written Consent or Requisite Do-Not-Call Permission, Defendant harmed Plaintiff and the members of the putative class by: (1) wasting their time; (2) causing the risk of personal injury due to interruption and distraction; (3) forcing them to incur charges; (4) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (5) intrusion upon and occupation of the capacity of a cell phone or wireless phone; (6) causing the risk of personal injury due to interruption and distraction; and (7) shifting the cost of adverting to them in violation of the TCPA.

## **CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

16. Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Plaintiff Class") defined as:

> "All persons and entities whose telephone numbers were called by Defendant, or others on their behalf, on or after April 1, 2019, where:
>
> 1) Defendant initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where Defendant failed to obtain Prior Express Written Consent from those persons and entities called; and/or
>
> 2) Defendant initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where Defendant failed to obtain Requisite Do-Not-Call Permission from those persons and entities called."

17. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

18. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of law and fact common to all members of the class. Common material questions of fact and law include, but are not limited to, the following:

   a. whether the Insurance Calls included an artificial voice;

   b. whether the Insurance Calls included a prerecorded voice;

5

    c. whether the Insurance Calls constitute advertisements;

    d. whether the Insurance Calls constitute telemarketing;

    e. whether the Insurance Calls constitute telephone solicitations;

    f. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) an artificial voice in conjunction with the Insurance Calls placed to Plaintiff and the class members without obtaining Prior Express Written Consent;

    g. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) a prerecorded voice in conjunction with the Insurance Calls placed to Plaintiff and the class members without obtaining Prior Express Written Consent;

    h. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by placing (or having another on their behalf place) the Insurance Calls to Plaintiff and the class members where the numbers called were registered with the National Do-Not-Call Registry at least 30 days prior to being called more than once within a 12-month period, without obtaining Requisite Do-Not-Call Permission;

    i. whether Plaintiff and the other members of the class are entitled to statutory damages; and

    j. whether Plaintiff and the other members of the class are entitled to treble damages.

19. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the class. Plaintiff alleges that Defendant placed

6

the same Insurance Calls to Plaintiff and the other class members. Plaintiff raises questions of fact and law common to the class members. They share the common injuries of: (1) wasting the consumer's time; (2) causing the risk of personal injury due to interruption and distraction; (3) forcing the consumer to incur charges; (4) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (5) intrusion upon and occupation of the capacity of a cell phone or wireless phone; (6) causing the risk of personal injury due to interruption and distraction; and (7) shifting the cost of adverting to the consumer in violation of the TCPA. Defendant have acted the same or in a similar manner with respect to each class member.

20. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent his and the other class members.

21. Class Counsel is experienced in class action litigation and has successfully litigated class claims.

22. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a. proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b. evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of their agents who placed the Insurance Calls) and will not require individualized or separate inquiries or proceedings;

c. Defendant have acted and may be continuing to act pursuant to common policies or practices by placing the Insurance Calls to Plaintiff and the class members;

d. the amount likely to be recovered by individual class members does not support individual litigation;

e. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f. this case is inherently manageable as a class action in that:

   i. Defendant or their agent(s) identified the persons or entities to place the Insurance Calls to and it is believed that Defendant's computer and business records, or those of their agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

   ii. liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

   iii. statutory damages for violations of the TCPA are the same for each class member;

  iv. a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

  v. a class action will contribute to uniformity of decisions concerning Defendant's practices; and

  vi. as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

**Count 1**
**Claim for Relief for Violations of the TCPA**

23. Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 22, above.

24. Plaintiff brings this action against the Defendant for sending Insurance Calls to himself and to members of the Plaintiff Class in violation of the TCPA and its implementing regulations.

25. Defendant violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the placement of the Insurance Calls to the phone numbers of Plaintiff and the members of the Plaintiff Class without receiving Prior Express Written Consent.

26. Defendant violated the TCPA and implementing regulation 47 C.F.R. § 64.1200(c), by initiating or authorizing the placement of the Insurance Calls to the phone numbers of Plaintiff and the members of the Plaintiff Class where such persons and entities were registered with the National Do-Not-Call Registry at least 30 days prior to being called by Defendant more than once within a 12-month period, and without obtaining Requisite Do-Not-Call Permission from Plaintiff or members of the Plaintiff Class.

27. The named Plaintiff and members of the Plaintiff Class are entitled to $1,500 for each violation of each of the Insurance Calls that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Insurance Calls that violated 47 C.F.R. § 64.1200(c) that was placed to them willfully or knowingly.

28. In the alternative, the named Plaintiff and members of the Plaintiff Class are entitled to $500 for each violation of each of the Insurance Calls that violated 47 C.F.R. § 64.1200(a) and $500 for each of the Insurance Calls that violated 47 C.F.R. § 64.1200(c) that was negligently placed to them.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant and request an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Carl Paalzow as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;

B. finding that Defendant caused the Insurance Calls to be placed to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C. finding that Defendant are liable to pay statutory damages of $1,500 for each violation of each of the Insurance Calls that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Insurance Calls that violated 47 C.F.R. § 64.1200(c) that was knowingly and willfully placed to Plaintiff and each class member;

D. finding that, in the alternative, Defendant are liable to pay statutory damages of $500 for each violation of each of the Insurance Calls that violated 47 C.F.R. § 64.1200(a) and $500 for each of the Insurance Calls that violated 47 C.F.R. § 64.1200(c) that was negligently placed to Plaintiff and to each class member;

E. entering a judgment in favor of the Plaintiff as representative of the members of the class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff (to the extent permitted by the Court), to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H. granting such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all records, documents, lists, electronically stored information, electronic databases or other

itemization of telephone numbers associated with the Defendant and the communication or transmittal of advertisements as alleged herein.

        Respectfully submitted,

        Joshua A. Glickman, Esq.
        Florida Bar No. 43994
        josh@sjlawcollective.com
        Shawn A. Heller, Esq.
        Florida Bar No. 46346
        shawn@sjlawcollective.com

        Social Justice Law Collective, PL
        974 Howard Avenue
        Dunedin, Florida 34698
        (954) 709-5744
        (866) 893-0416 (Fax)

        Attorneys for the Plaintiff


By: *s/ Shawn A. Heller*
        Shawn A. Heller, Esq.